THE LAW OFFICE OF DAVID J. HIGHSMITH, PC.
Suite 209, Union Bank of California Building, 194 Hernan Cortes Avenue, Hagatna, Guam 96910
(671) 477-8168 • FAX (671) 472-0027 • EMAIL: davehighmith99@yahoo.com

**FILED**
DISTRICT COURT OF GUAM
APR 12 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00031 |
| Plaintiff, ) | |
| vs. ) | MOTION TO VACATE SENTENCE |
| WILLIAM BRUCE SAN MIGUEL ) | |
| FLORES, also known as Willy Flores, ) | |
| Defendant. ) | |

Defendant hereby moves to vacate his sentence pursuant to Title 22 U.S.C. 2255.

## MEMORANDUM OF POINTS AND AUTHORITIES

1.  Defendant pled guilty to Conspiracy to Commit Money Laundering, a violation of Title 18 U.S.C. 1956(b).

2.  On October 27, 2005, he was sentenced to eight months incarceration.

3.  Defendant alleged in an appeal to the Ninth Circuit Court of Appeals that the sentencing judge had demonstrated prejudice against him at Sentencing, but that appeal was denied.

//

//

THE LAW OFFICE OF DAVID J. HIGHSMITH, PC.
Suite 209, Union Bank of California Building, 194 Hernan Cortes Avenue, Hagatna, Guam 96910
(671) 477-8168 • FAX (671) 472-0027 • EMAIL: davehighsmith99@yahoo.com

In the United States District Court
For the District of Guam
United States of America v. William B S.M. Flores
Motion to Vacate Sentence
Criminal Case No. 05-00031
Page 2

4. Defendant now alleges an additional ground of prejudice on the part of the same judge, namely, that during the trial of a co-conspirator, Gil Shinohara, the judge congratulated Mr. Shinohara's defense lawyers on putting Mr. Flores on trial instead of Mr. Shinohara.

5. Said remark occurred outside the record in this proceeding in that it occurred in Mr. Shinohara's case and could not be raised on Mr. Flores's appeal.

6. This constitute impermissible prejudice against the Defendant. <u>Liteky v. U.S.</u>, 510 U.S. 540, 114 S. Ct. 1147, 127 L. Ed 2d 474 (1994).

7. A judge's prejudice or bias can be raised on a Motion to Vacate Sentence brought pursuant to Title 28 U.S.C. 2255. <u>Sellers v. United States</u>, 574 F. Supp. 769 (1983).

8. Defendant prays that his previous sentence be vacated and that he be resentenced.

RESPECTFULLY SUBMITTED,

*David J. Highsmith*

DAVID J. HIGHSMITH
DEFENSE COUNSEL