**DISTRICT COURT OF GUAM**
**TERRITORY OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>vs.<br><br>WILLIAM BRUCE SAN MIGUEL FLORES,<br><br>    Defendant-Petitioner. | Criminal Case No.   05-00031<br>Civil Case No.        07-00008<br><br>**ORDER** |

The Court is in receipt of Defendant-Petitioner William Flores' ("Flores") Motion to Vacate, Set Aside, or Correct Sentence ("petition") pursuant to 28 U.S.C. § 2255 and Motion to Release and Stay of Execution filed on April 12, 2007.

*Briefing Schedule for § 2255 petition.* In his petition, Flores has alleged that the Sentencing Judge was improperly biased against him resulting in an illegal sentence. The government shall have until April 27, 2007, to file any opposition to Flores' petition. If an opposition is received, Flores shall have until May 2, 2007 to file a reply. If the court finds that a hearing is necessary on Flores' motion, then one shall be set at a later date.

*Motion for Release and Stay of Execution.* Flores requests release and a stay of execution of his sentence pending the resolution of his petition pursuant to 18 U.S.C. 3143(b) (The Bail Reform Act). Flores' reliance on the Bail Reform Act is misplaced. The Bail Reform Act by its terms applies only to motions for release pending sentence and appeal and does not apply to a convicted federal prisoners seeking post-conviction relief pursuant to 28 U.S.C. § 2255. *See U.S. v. Mett,* 41 F.3d 1281, 1282 (9th Cir. 1994). Accordingly, the Bail Reform Act is not the proper standard to determine Flores' eligibility for bail.

In the post-conviction context, bail is reserved for extraordinary cases. As such, Flores must demonstrate that his case (1) involves special circumstances, and (2) raises substantial constitutional claims upon which he has a high probability of success. *See Aronson v. May,* 85 S.Ct. 3, 5 (1964) (citing *Benson v. California,* 328 F.2d 159 (9th Cir. 1964)).[1] Special circumstances include a serious deterioration of health while incarcerated or an unusual delay in the process. *Salerno v. United States,* 878 F.2d 317, 317 (9th Cir.1989).

Flores contends that he is not a flight risk and that he is not a danger to the community. The court assumes the truth of these contentions, thus making a hearing unnecessary. Neither of these contentions, however, are special circumstances upon which to release Flores pending a decision on the merits. As to the probability of success, petitioner raises a claim of prejudice on the part of the sentencing judge based on comments made by the court during the trial of a co-conspirator. There is little chance of success given that the issue regarding bias was raised on direct appeal.[2] Further, any chance of success Flores may have concerning this claim certainly falls short of the high probability that is required for bail. Accordingly, the court **DENIES** Flores request for bail pending resolution of his § 2255 petition. Flores shall surrender himself to the designated facility or the United States Marshals' Office, Guam on April 13, 2007, as previously ordered by the court.

**IT IS SO ORDERED** this 13th day of April, 2007.



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**

---

[1] *But see Land v. Deeds,* 878 F.2d 318 (9th Cir.1989) (defining test as requiring *either* special circumstances *or* a high probability of success) (citing *Aronson,* 85 S.Ct. 3, 5 (1964)). Although the test in *Land* appears to be different because it requires either special circumstances *or* a high probability of success, whereas *Benson* appears to require both prongs, *Land* was not an *en banc* decision, and cannot overrule another panel. *Hart v. Massanari,* 266 F.3d 1155, 1171 (9th Cir. 2001). Possibly, *Land's* use of the word "or" was inadvertent. Therefore, *Benson* remains good law especially in light of *Aronson*. The court notes that whether disjunctive or conjunctive, Flores has not satisfied either prong of the test.

[2] The court notes that Flores raised a claim of bias regarding the Sentencing Judge on direct appeal. However, the basis of the bias involved statements made by the court during sentencing regarding the political corruption on Guam. This new factual basis could and should have been raised on direct appeal.