**DISTRICT COURT OF GUAM**
**TERRITORY OF GUAM**

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.

WILLIAM BRUCE SAN MIGUEL FLORES,

    Defendant-Petitioner.

Criminal Case No. 05-00031
Civil Case No. 07-00008

**ORDER**

RE: MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

Petitioner William Bruce San Miguel Flores ("Flores") filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("Motion"). The Court deems the matter appropriate for decision without oral argument. FED. R. CIV. P. 78. After considering all the submissions, the Court DENIES Flores' motion in its entirety.

## **BACKGROUND**

On April 12, 2005, Flores pled guilty to one count of Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h). As part of the plea agreement in this matter Flores agreed to cooperate with the government with respect to other co-conspirators. *See* Plea Agreement ¶ 2. Flores cooperation ultimately included him providing testimony during the course of two separate trials regarding defendant Gil Shinohara.[1] On October 27, 2005, the court sentenced Flores to eight (8) months imprisonment to be followed by three years of supervised release. The judgment of conviction was entered on the docket on October 31, 2005. On November 4,

---

[1] These cases against defendant Shinohara can be found in District Court File No. CR 03-00047.

2005, an amended judgment was entered on the docket. Flores filed an appeal with the Ninth Circuit on November 15, 2005. On November 28, 2006, the appellate court affirmed Flores' conviction. *United States v. William Bruce San Miguel Flores*, No. 05-10751 (9th Cir. November 28, 2006). Flores incarcerated and represented by counsel, brought this motion pursuant to 28 U.S.C. § 2255, requesting the Court to vacate his sentence. *See,* Docket No. 68.

## **ANALYSIS**

28 U.S.C. § 2255 allows persons in federal custody to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by a court.[2] *See, United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240 (1979). Since such a challenge calls into question a conviction's finality, collateral relief is an extraordinary remedy that should only be granted when a fundamental defect could have resulted in a complete miscarriage of justice, or the rudimentary rules of fair procedure were not followed. *United States v. Timmreck*, 441 U.S. 780, 783, 99 S. Ct. 2085, 2087 (1979).

**PRIOR ADJUDICATION IN THE NINTH CIRCUIT.**

Flores claims that he is entitled to relief due to prejudice on the part of the sentencing judge based on comments made by the court during the trial of a co-conspirator, specifically Gil Shinohara. The court notes that Flores raised a claim of bias regarding the sentencing judge on direct appeal. Flores contends the basis of the bias considered by the Ninth Circuit only involved statements made by the court during sentencing regarding the political corruption on

---

[2] The statute states, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Guam.[3] He contends that the congratulatory remarks by the court form a new basis that was not contemplated on direct appeal as they were made "outside the record." Motion at 2.

The Ninth Circuit in issuing its decision had the benefit of reviewing the entire sentencing transcript as part of the record. Contained within that transcript are the following comments by the district court: "[y]es, Mr. Green put Willy Flores on trial, and he did a good job at both trials on that, and yes, he put the Bank of Guam on trial, and he had a lot to work with." *See* Sentencing Transcript ("Transcript"), Docket No. 39 at 85. These comments are virtually identical to those that Flores contends form a new factual basis that was not considered by the Ninth Circuit. However, the Ninth Circuit in its decision, after reviewing the sentencing transcript, found that " there were no statements made by the district court that displayed a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *See Flores* at 2. (citations omitted). The court expressly indicated that the lack of further downward departure on Flores' behalf "does not evidence bias against Flores, but rather, exercise of judgment based on the evidence presented at trial and the pre-sentence report." *Id.* at 3. Accordingly, the court finds that the remarks by the court "congratulating" defense counsel were considered by the Ninth Circuit in issuing its decision.

It is well settled law that § 2255 may not be invoked to relitigate questions which were raised on a direct appeal from the judgment of conviction. The mandate of an appellate court "is controlling as to matters within its compass." *Nguyen v. United States,* 792 F.2d 1500, 1502 (9th Cir.1986) (quoting *Quern v. Jordan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139 (1979)). Such a mandate forecloses the district court from reconsidering matters determined in the appellate court. *Id.* at 1502. Since the Ninth Circuit mandate affirmed the sentence imposed on the issue of bias, this Court lacks the authority to reexamine the issue under § 2255. *See, e.g., United States v. Scrivner,* 189 F.3d 825, 828 (9th Cir.1999) (decision on direct appeal "is binding"); *Odom v. United States,* 455 F.2d 159, 160 (9th Cir.1972) (when issue was decided on direct

---

[3] It is noteworthy that in his motion for release pending direct appeal Flores alluded to both the court's comments on the corruption on Guam and a comment congratulating the defense in his cross-examination of Flores as the basis for bias supporting his direct appeal. *See* Flores Motion for Release Pending Appeal, Docket No. 45 at 2.

review "the judgment became final" and the matter decided cannot be litigated again on a § 2255 motion).

//

**PROCEDURAL BAR.**

Assuming arguendo that the congratulatory remarks by the court constitute new factual basis for prejudice that was not considered by the Ninth Circuit in fashioning its decision, the court finds that Flores' claim is procedurally barred.

Claims not asserted previously, although available, are procedurally barred absent a showing of cause and actual prejudice. *United States v. Frady*, 456 U.S. 152, 166 (1982). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998).

*Cause.* Flores contends that he did not raise to the issue of bias surrounding congratulatory remark before either the trial/sentencing court or appellate court because "the remark occurred outside the record in this proceeding in that it occurred in Mr. Shinohara's case and could not be raised on Mr. Flores's [sic] appeal." Motion at 2. However, this statement is without merit. As the court previously noted, this remark was present within the sentencing transcript itself and was part of the record. Flores has not provided any adequate explanation or justification why the issue of bias regarding this comment was not raised before the trial/sentencing court or on direct appeal. Accordingly, the court finds that Flores has failed to demonstrate "cause" for failing to raise the issue on appeal.

*Prejudice.* Even if the defendant could demonstrate "cause" he has failed to demonstrate "prejudice." In assessing whether Flores was prejudiced the court will evaluate the merits of his claim of judicial bias regarding the court's "congratulatory remark" to Shinahara's counsel. The court will assume Flores' assertion that the statements were made during the trial of Gil Shinohara is true. As such, Flores does not dispute that any opinions the court may have expressed were formed on the basis of facts introduced or events occurring in the course of the proceedings in his courtroom during the trial of Gil Shinohara.

Under *Liteky v. United States,* 510 U.S. 540, 114 S. Ct. 1147 (1994), the court's statements would warrant recusal only if they evinced a favoritism or antagonism so extreme as "would make fair judgment impossible." *Liteky*, 510 U.S. at 555. They do not. As the *Liteky* Court noted, remarks by a judge that are critical or disapproving of, or even hostile to, the parties or their counsel will not ordinarily support a recusal motion. Nor potential "expressions of impatience, dissatisfaction, annoyance, and even anger" toward Flores necessarily establish the requisite bias or prejudice that would warrant recusal. *Id*. at 556.

The comment by the court stemmed from the court having observed first hand Flores' conduct, demeanor and testimony over the course of two lengthy criminal trials. Again, as the Supreme Court has explained,

> [t]he judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards [a party], who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings....

*Liteky,* 510 U.S. at 550-51. This court finds that when viewing the comments in this context, they do not betray a "deep-seated favoritism or antagonism that would make fair judgment impossible."

In order to demonstrate bias Flores compares his sentence to that of other co-conspirators who received probationary terms in lieu of jail time.[4] However, this comparison is misplaced.[5] During Flores' sentencing, the court clearly indicated that Flores and Shinohara shared a higher degree of culpability than the other co-conspirators involved, and weighed that culpability against the extent of cooperation Flores' provided.[6] Under these circumstances, the court's

---

[4] *See* 03-00032, United States v. Thomas Quinata; 00-00128, United States v. John Martinez; 04-00017, United States v. Takahesa Goto.

[5] Ironically, during sentencing, Flores himself indicated: "[y]our Honor, I know if you give me jail time, I can't really say that will be unfair from the standpoint of what I've done and my involvement with the Pedro's Plaza transaction." Transcript at 66.

[6] In this regard the court stated:

> The government has made a motion for downward departure to ask for leniency based upon your substantial cooperation, and wants to ask for probation. To a point, the court agrees with that. The court does agree that you have provided substantial cooperation, more so than in the ordinary case. That much is true. And the court does give substantial deference to what Mr. Strand recommends, but it is not the only factor that the court must consider.

refusal to impose a probationary period in lieu of the eight months incarceration actually imposed is not evidence of bias against Flores.[7] Thus, Flores' contention of improper bias fails. Likewise, he has not demonstrated that he was prejudiced by any failure of the Ninth Circuit to consider the congratulatory remarks on direct appeal.[8]

## **CONCLUSION**

Based on the foregoing analysis, the court finds that the congratulatory remarks referred to by Flores do not establish the requisite bias or prejudice that would warrant recusal. Accordingly, Flores' motion for relief pursuant to 28 U.S.C. § 2255 is DENIED.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Aug 21, 2007

---

I sat through the evidence in the case, and I know that you were right there with Mr. Shinohara trying to defraud that bank. You were the one that were [sic] bouncing all those checks, and in desperate need of the money. You make it sound like now it was all Mr. Shinohara, but that's not what the evidence showed. You and Mr. Shinohara were the co-principal architects of that scheme. So it was not a situation like Mr. Tanaka or Mr. Goto or Mr. Martinez who were brought in to do somebody a favor; you were Mr. Big, along with Mr. Shinohara, in the bank fraud deal. So the court has to take into account that you committed a serious crime. A good person who did a bad thing. And can it all just be wiped away because of cooperation?

If this were a lesser involvement by you, I might say yes, but we just cannot have a situation anywhere in America where a major crime can be committed and then the perpetrator can say, no

problem, I'll go see Mr. Strand, I'll cooperate even if it means wearing a wire, so forth. In the court's judgment, it would be wrong and would be an improper balance, an inappropriate balance to give you probation in these circumstances. So that, the court will not do. On the other hand, the court is persuaded that you deserve a lot of credit for your attempts to make amends, and that the 30-37 months is way out of line and very disproportionate to what these circumstances warrant.

Transcript at 69-70.

[7] A more appropriate comparison of Flores sentence (8 months when facing a range of 30-37 months) with that of Shinohara (32 months when facing a range of 51 to 63 months) reveals that Flores was given a significant amount of credit for his cooperation despite the court finding them equally culpable.

[8] Even if Flores' claim was not procedurally barred, based upon this court's previous analysis under *Liteky*, his claim fails on the merits.